IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Hayley S. Stump, | Case No. 3:18 CV 1819 |
| Plaintiff, | ORDER ADOPTING |
| -vs- | <u>REPORT AND RECOMENDATION</u> |
| Commissioner of Social Security, | JUDGE JACK ZOUHARY |
| Defendant. | |

### INTRODUCTION

Plaintiff Hayley Stump seeks judicial review of an adverse Social Security decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Kathleen Burke for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Burke recommends this Court affirm the Commissioner's decision denying Stump's claim for disability insurance benefits (Doc. 15 at 28). Stump objects (Doc. 16) and the Commissioner responds (Doc. 17).

This Court reviews the objection *de novo*. *See Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981); 28 U.S.C. § 636(b)(1)(B) & (C).

### DISCUSSION

Stump raises a single objection: that the Administrative Law Judge ("ALJ") failed to provide "good reasons" for according less than controlling weight to the opinion of her treating physician, Dr. Ojo (Doc. 16 at 2). Judge Burke determined the ALJ properly weighed Dr. Ojo's opinion based on a thorough review of the evidence (Doc. 15 at 25). This Court agrees.

Under the "treating physician rule," the ALJ must provide "good reasons" for assigning less than controlling weight to a physician's opinion. 20 C.F.R. § 404.1527(c)(2). In determining the appropriate weight, the ALJ must consider, among other factors, "the consistency of the opinion with the record as a whole." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 747 (6th Cir. 2007) (citing 20 C.F.R. § 404.1527(c)(4)). A factor-by-factor analysis is not required, "[s]o long as the decision permits the claimant and a reviewing court a clear understanding of the reasons for the weight given a treating physician's opinion." *Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802, 805 (6th Cir. 2011) (citation and internal quotation marks omitted).

Here, Dr. Ojo completed a medical statement outlining Stump's several functional limitations (Doc. 11 at 1035–36). He further noted that Stump "has Crohn's which flares up frequently with stress despite adequate medication" and that this diagnosis would likely cause her to miss full or partial days of work five or more times per month (*id.* at 1037). The ALJ gave the functional-limitation portion "great weight" because it was consistent with the record (*id.* at 26). "However, little weight [was] given to the opinion regarding absenteeism and frequent flareups because it [was] inconsistent with the medical evidence" (*id.*).

Stump's contention that the ALJ's reasoning is "deficient" (Doc. 16 at 2) is unpersuasive. The ALJ provided "good reasons" for finding Dr. Ojo's opinion inconsistent with the record -- namely, the improvement of Stump's condition after surgical procedures, the lack of flare-ups resulting in emergency-room visits, and Stump's ability to control her symptoms through medication (Doc. 11 at 26). These reasons were supported by substantial evidence and were "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (quoting SSR 96-2p, 1996 WL 374188 (July 2, 1996)).

## Conclusion

Stump's Objection (Doc. 16) is overruled, and this Court adopts the R&R (Doc. 15) in its entirety. The Complaint (Doc. 1) is dismissed.

IT IS SO ORDERED.

                                                    s/ *Jack Zouhary*
                                                    JACK ZOUHARY
                                                    U. S. DISTRICT JUDGE

                                                    September 5, 2019